**1**

Charles L. ROSE, alias R. L. Jones, v. STATE. (No. 11399.) Court of Criminal Appeals of Texas. Oct. 26, 1927. Commissioners' Decision. Appeal from Criminal District Court, Tarrant County; Geo. E. Hosey, Judge. M. L. Munday, of Fort Worth, for appellant. Jesse E. Martin, Cr. Dist. Atty., and Arthur L. Moore and Cal Estill, Asst. Cr. Dist. Attys., all of Fort Worth, and A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is forgery; the punishment confinement in the penitentiary for 5 years. Appellant makes known to this court, by his affidavit filed herein, that he desires to withdraw his appeal. Complying with appellant's request, the appeal is dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

**2**

Jack STANTON v. STATE. (No. 11032.) Court of Criminal Appeals of Texas. June 8, 1927. Rehearing Denied Oct. 19, 1927. Appeal from District Court, Gregg County; P. O. Beard, Judge. W. C. Shoults, of Longview, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for felony theft; punishment being 2 years in the penitentiary. The indictment charges the offense. There being no statement of facts nor bills of exception in the record, nothing is presented to this court for review, and the judgment is affirmed.

On Motion for Rehearing.

Appellant's motion for new trial was overruled on March 4, 1927, and the court granted 80 days in which to file statement of facts and bills of exception. Before the expiration of the said 80 days the clerk of the court in which appellant was convicted forwarded to this court a transcript, which was filed herein on the 20th day of May, 3 days before the expiration of the 80 days. By an order of this court on the 8th day of June, 1927, the judgment was affirmed, because of the absence of statement of facts and bills of exception. Appellant now seeks a rehearing on the sole ground that the transcript was forwarded to and filed in this court before the expiration of the 80 days given in which to file in the lower court statement of facts and bills of exception. Appellant makes no claim that such statement of facts or bills were ever filed or tendered for filing. This court will not do a useless thing, and in the absence of a showing that a statement of facts and bills of exception are now available, and that they were filed or tendered within the time allowed by law, we must decline to grant appellant's motion. The motion for rehearing is overruled.

---

**3**

Jack STANTON v. STATE. (No. 11033.) Court of Criminal Appeals of Texas. June 8, 1927. Rehearing Denied Oct. 19, 1927. Appeal from District Court, Gregg County; P. O. Beard, Judge. W. C. Shoults, of Longview, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

On Motion for Rehearing.

The appellant was tried on the 1st day of March, 1927, at a term of court ending on the 12th day of the same month. The motion for new trial was overruled on the 4th day of March, and an order entered allowing 80 days from that date within which to file a statement of facts and bills of exceptions. The record was filed in this court on May 20, 1927, and was accompanied by neither statement of facts nor bills of exceptions, and none of them have been filed since. In his motion for rehearing appellant complains of the judgment of affirmance upon the ground that the record was filed and action taken upon it before the expiration of the 80 days during which he had the privilege of preparing and filing the statement of facts and bills of exceptions. If his motion were accompanied by the statement of facts or bills of exceptions filed in the trial court within the 80 days, this court would feel constrained to review the record in the light of the evidence heard upon the trial or the complaints of the court's ruling properly preserved. In the motion, however, there is no suggestion that either the statement of fact or bill of exception has been filed in the trial court, nor that there exists any recognized excuse for the failure to file them. There being nothing to show that the appellant was, in any sense, prejudiced by the premature filing of the record, the motion for rehearing is without merit, and is therefore overruled.

---

**4**

Willie SULLIVAN v. STATE. (No. 11391.) Court of Criminal Appeals of Texas. Oct. 19, 1927. Appeal from District Court, Kerr County; L. J. Brucks, Judge. H. C. Geddie and Lee Wallace, both of Kerrville, for appellant. A. A. Dawson, State's Atty., of Canton, for the State.

MORROW, P. J. The offense is murder; punishment fixed at confinement in the penitiary for life. Upon the written request of the appellant, duly verified by his affidavit, the appeal is ordered dismissed.